*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:   July 24, 2014                    517446
_____

In the Matter of the Claim of
    CINDY BAILEY,
                        Claimant,
        v

                                        MEMORANDUM AND ORDER
ACHIEVE REHAB AND NURSING
    et al.,
                        Appellants.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   May 30, 2014

Before:   Stein, J.P., McCarthy, Egan Jr., Lynch and Clark, JJ.

_____

        Stockton, Barker & Mead, LLP, Troy (Matthew R. Mead of
counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for Workers' Compensation Board,
respondent.

_____

Egan Jr., J.

        Appeal from a decision of the Workers' Compensation Board,
filed November 8, 2012, which, among other things, assessed costs
against the employer's workers' compensation carrier pursuant to
Workers' Compensation Law § 114-a (3) (i).

        Claimant obtained workers' compensation benefits as a
result of injuries sustained in the course of her duties as a
nursing assistant.  The parties stipulated that claimant had

sustained a permanent partial disability and had not voluntarily removed herself from the work force, and a decision to that effect was issued in 2007. After an independent medical examination found claimant to be capable of working with restrictions, the employer's workers' compensation carrier requested that counsel for claimant provide an update on claimant's search for employment. Counsel for claimant failed to respond to this inquiry, prompting the carrier to request that the claim be reopened in order to determine whether claimant had voluntarily removed herself from the work force. The Workers' Compensation Board denied the carrier's request in September 2011 and, noting its departure from prior precedent, held that "a claimant's failure to respond to a work search inquiry without something more may not constitute sufficient evidence of a triable issue of fact upon which a reopening may be based." In so doing, the Board also delineated the types of supporting evidence that would be necessary in order to warrant reopening a claim. Thereafter, in 2012, the carrier again sought to reopen the claim based upon counsel's failure to provide an updated account of claimant's search for employment. The Board denied the carrier's second request in November 2012 and, additionally, assessed costs of $1,000 against the carrier pursuant to Workers' Compensation Law § 114-a (3) (i). The employer and the carrier now appeal, contending that the assessment of costs was unwarranted.

We affirm. Workers' Compensation Law § 114-a (3) (i) permits the Board to assess costs against a party who has "instituted or continued [a proceeding before the Board] without reasonable ground." Here, the carrier previously had been warned that counsel's failure to respond to its request for an updated work search history — standing alone — would be insufficient to reopen the underlying claim and, more to the point, was apprised "in very clear terms of the requirements for [the] supporting evidence necessary to reopen this claim on the question of whether . . . claimant ha[d] voluntarily removed herself from or [wa]s no longer attached to the labor market." Despite that express directive, the carrier nonetheless made a second request to reopen premised solely upon counsel's failure to respond to the carrier's request for additional information. Under these circumstances, we discern no abuse of discretion in the Board's

decision to assess costs against the carrier (cf. Matter of Wolfe v New York City Dept. of Corr., 112 AD3d 1197, 1198 [2013]; Matter of Banton v New York City Dept. of Corr., 112 AD3d 1195, 1196-1197 [2013]). The carrier's remaining arguments on this point, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Stein, J.P., McCarthy, Lynch and Clark, JJ., concur.

ORDERED that the decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court